# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**PARKER DRILLING**                 **CIVIL ACTION NO. 13-cv-00254**
**OFFSHORE USA LLC**

**VERSUS**                         **JUDGE DOHERTY**

**ANDREW H. LEE**                **MAGISTRATE JUDGE HANNA**

### *Report and Recommendations*

Before the undersigned, on referral from the district judge for report and recommendation is the Motion to Dismiss [Rec. Doc. 5], filed by Defendant Andrew H. Lee.  For the reasons set out below, it is the recommendation of the undersigned that the motion be GRANTED, and that this action be dismissed without prejudice.

### *Factual and Procedural Background*

This litigation arises from the alleged injury to Lee during his employment with Parker Drilling USA LLC.  On February 1, 2013, Parker filed a Complaint for Declaratory Judgment seeking "a determination of its liability to defendant for maintenance and cure benefits in accordance with 28 U.S.C. §2201."[1]  The complaint describes an accident which allegedly occurred on November 11, 2012 while Lee was in the course and scope of his employment aboard the Parker Drilling Rig 50B in the coastal waters of Louisiana.  Lee allegedly suffered an injury to his low back as a result of a

---

[1]      Rec. Doc. 1.

slipping/twisting incident.  Parker learned during its investigation of the reported incident that Lee had undergone medical treatment for  low back symptoms before the incident date, and he had mentioned such treatment to co-workers in the month before the incident date.

Parker paid maintenance and cure benefits to Lee up until the time it learned of his pre-incident history.  Parker now seeks a judgment declaring (1) that Lee is not entitled to additional maintenance and cure since his back/leg complaints did not manifest in the "service of the vessel" and predate his alleged accident, (2) that Lee is not entitled to maintenance and cure benefits based on the alleged willful concealment of a pre-existing condition and the applicability of *McCorpen v. Central Gulf S.S. Corp.,* 396 F.2d 547 (5th Cir. 1968), and (3) that Parker acted in good faith toward Lee and its actions have not been "arbitrary, capricious or callous."  Finally, the complaint asks for "such other further and different relief as may be necessary and proper, including attorney's fees and costs, as the justice of this cause may require and permit."[2]

On February 13, 2013, Lee filed an Answer to the Complaint and incorporated a Motion to Dismiss into that pleading.[3]  In the motion, Lee represents that he filed a claim against Parker under the Jones Act and general maritime law in Texas state court, which

---

[2]    Rec. Doc. 1, pp. 3-5.

[3]    Rec. Doc. 5. Lee subsequently filed a separate motion with memorandum. Rec. Doc. 9.

arises out of "the exact same set of facts." [4]  In the state court litigation, Lee seeks damages based on negligence and unseaworthiness as well as maintenance and cure benefits.  Lee argues for dismissal of this action "because of the nature of the Savings to Suitors Clause, and because of the possible preclusive effects maintaining such an action may have on a suitor's Jones Act case in another court."[5]  Lee contends that Parker filed the declaratory action in anticipation of the suit by Lee in an effort to choose its own forum.  Lee also argues that "a piecemeal decision on coverage by the federal court, which has a speedier docket than state court, if adverse to Lee, will preclude the state court's right to adjudicate the coverage issue".  Lee contends the possibility of piecemeal litigation and consideration of judicial economy call for dismissal of the instant case in order to allow all issues to be decided in the Texas proceeding.

In response to the motion, Parker notes that at the time of filing of the declaratory judgment action, there was no pending suit by Lee, making the declaratory action the "only appropriate means to determine the defendant's rights and/or Parker Drilling's obligations under the general maritime law."[6]  Another charge by Parker is that Lee, a Mississippi resident employed by Parker in New Iberia, Louisiana, may have done his own forum-shopping, since he could have brought his Jones Act, general maritime and

---

[4]     Rec. Doc. 9-1, p.1

[5]     Rec. Doc. 9-1, citing *Vivian Tankships Corporation v. Castro*, 1999 WL 17947 at *2 (E.D.La. 1999)

[6]     Rec. Doc. 20, p. 5

maintenance and cure claims in the more convenient forum of this court by way of a counter-claim.

### *Applicable Law and Discussion*

The Declaratory Judgment Act, at 28 U.S.C. §2201(a), provides that

...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214(1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291(1952)).  In determining whether to decide or dismiss a declaratory judgment action, there are three steps for the district court to consider as a threshold matter: (1) whether the declaratory action is justiciable which typically involves a question of whether an "actual controversy" exists between the parties (a jurisdictional inquiry); (2) whether the court has the authority to grant declaratory relief; and if the first two inquiries are satisfied (3) whether to exercise its discretion to decide or dismiss the action.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895(5th Cir. 2000).

The issue of  Lee's claim for maintenance and cure presents a justiciable controversy for which subject matter jurisdiction exists under the general maritime law.

*Rowan Companies, Inc. v. Griffin*, 876 F. 2d 26, 28 (5th Cir. 1989). This court has the authority to grant the relief sought by the plaintiff, and no party has challenged that authority. The sole remaining question, therefore, is whether this court should exercise its discretion to entertain Parker's declaratory judgment action in light of the pending state court suit.

Even though a district court has broad discretion to decide or dismiss a declaratory judgment action, a district court may not dismiss a request for declaratory relief on the basis of whim or personal disinclination; instead, the court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the applicable abstention doctrine. *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

In evaluating the applicable abstention doctrine, "[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005). If the suit seeks only a declaration of rights, the district court's decision to stay or dismiss the suit is governed by the discretionary standard articulated in *Wilton v. Seven Falls Company*, 515 U.S. at 288, and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). If the suit involves a request for monetary or other coercive claims for relief, even if declaratory relief is also sought, the "exceptional circumstances" standard

articulated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800
(1976) is applied.  *American Guarantee v. Anco Insulations*, 408 F.3d at 250-51, *New England
Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009). The Fifth Circuit recognizes two
exceptions to applicability of the *Colorado River* standard.  The *Colorado River* standard
is not applied if the claims for coercive relief are frivolous or if the claims for coercive
relief were added as a means of defeating *Brillhart*.  *New England v. Barnett*, 561 F.3d at
395-96.

The complaint specifically seeks declaratory relief on the issue of Lee's
entitlement to maintenance and cure benefits. It also seeks declaratory relief on the issue
of whether Parker's actions in investigating Lee's claim and terminating his benefits were
made in good faith. If the analysis stopped there, there is little question that
*Wilton/Brillhart* applies. However, in the prayer of the complaint, Parker seeks "such
other further and different relief as may be necessary and proper, including attorney's fees
and costs, as the justice of this cause may require and permit."  Therefore, the issue is
whether this statement in the complaint presents a claim for coercive relief that is neither
frivolous nor added as a means of defeating *Brillhart. Id.*

Parker does not contend in brief that it is seeking any claims for coercive relief nor
does it argue the application of *Colorado River.*  To the contrary, Parker argues
continuing entitlement to declaratory relief only. In addition, there is no legal basis for
this court to award attorney's fees to the employer of Lee for the claims as presented and

there are no factual allegations that would arguably give rise to a claim for attorney's fees, i.e. a breach of contract. Finally, the inclusion of the conclusory statement "such other further and different relief as may be necessary and proper" does not create any additional claims for monetary or coercive relief.  Accordingly, the undersigned finds that the *Wilton/Brillhart* standard provides the proper framework for analyzing whether the court should abstain from resolving the dispute presented in this lawsuit.

　　　To assist in defining the parameters of a district court's discretion, the Fifth Circuit developed a seven factors to be considered in deciding whether to retain jurisdiction over declaratory judgment actions. *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  See also *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778 (citing the first six factors).  The factors are not exhaustive, mandatory, or exclusive and address three broad considerations – federalism, fairness/improper forum shopping, and efficiency.  *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993), *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-391 (5th Cir. 2003).

　　　These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether

the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Insurance Co. v. Trejo*, 39 F.3d at 390–391; *Sherwin–Williams Co. v. Holmes County,* 343 F.3d at 387. Application of the *Trejo* factors have repeatedly been used in this district where, as here, there is a complaint for declaratory relief on the issue of maintenance and cure and a pending state court lawsuit brought under the Jones Act and general maritime law. See *Hercules Liftboat Co. v. Jones*, 2007 WL 4355045, *1–2 (W.D.La.2007) , *Aries Marine Corp. v. Lolly*, 2006 WL 681184 (W.D.La.2006) and *Taylors Intern. Services, Inc. v. Weaver*, 2011 WL 1832121(W.D.La. 2011).

The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *American Employers' v. Eagle*, 122 Fed. Appx. 700, 702, (5th Cir. 2004) quoting *Brillhart v. Excess*, 316 U.S. at 495. "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort." *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Industries, Inc. v. Continental Oil Co*., 478 F.2d 674, 682 (5th Cir. 1973).

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs in favor of dismissal of the instant action, as

8

Parker concedes in brief. It is undisputed that Lee filed suit in Texas state court pursuant

to the "savings to suitors" clause and that Lee has asserted his claim for maintenance and

cure in that action. Thus, Parker's *McCorpen* defense may be fully litigated in the Texas

state court action.  Where a maintenance and cure claim is joined with Jones Act

negligence and unseaworthiness claims, the seaman should be allowed to try all of the

claims together. *Lolly*, 2006 WL 681184, at *3, citing *Fitzgerald v. United States Lines

Co.*, 374 U.S. 16, 19, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

The second, third and fourth *Trejo* factors address fairness concerns relating to

forum selection and form the bases for the arguments of both parties.  It is clear from the

record and memoranda of the parties that Parker could reasonably anticipate a suit would

be filed by Lee as a result of the incident at issue and Parker's suspension of maintenance

and cure payments, even though suit had not been filed at the time of Parker's action to

bring the instant complaint.[7]  Parker's declaratory judgment action came less than three

months after the alleged incident date.  While the plaintiff is not required to wait

indefinitely for the defendant employee to act, the Fifth Circuit has cautioned that using a

declaratory judgment action to race to res judicata or to change forums is inconsistent

---

[7]The absence of a pending state court action at the time of the instant filing is not
dispositive.  In *Sherwin–Williams Co. v. Holmes County*, 343 F. 3d at 394, the court concluded
that a *per se* rule requiring a district court to hear a declaratory judgment action because of the
lack of pending state court case is inconsistent with the discretionary authority of the court,
reasoning that since the presence of a related state proceeding does not automatically require a
district court to dismiss a federal declaratory judgment action, the lack of a pending parallel state
proceeding should not automatically require a district court to decide a declaratory judgment
action.

with the purposes of the Declaratory Judgment Act. *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.* 996 F.2d at777.   Nevertheless, merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum-shopping." *Sherwin–Williams Co. v. Holmes County*, 343 F. 3d at 391.   There is no evidence that Parker has engaged in abusive forum shopping as its operations center is in this district, and the alleged accident occurred in this district. This Court finds that factors two and three are neutral.

It is a well-settled principle that the real or traditional plaintiff Lee (the party who was allegedly injured) is entitled to choose his forum, and that choice is "highly esteemed." *Lolly*, 2006 WL 681184, at *3, citing *Weaver Time, Inc. v. Manning*, 366 F. 2d 690, 698 (5th Cir. 1966); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989);  *Hercules Liftboat Company, LLC v. Jones,* 2007 WL 4355045 at *3. Lee's Texas suit was filed two days before he filed the Motion to Dismiss in this court.  He chose the Texas state court forum, although he is a resident of Mississippi and worked for Parker in Louisiana.  The forum is nevertheless appropriate, since the record demonstrates that Parker is a Texas-based corporation and venue would be proper in Harris County. To allow this case to go forward would effectively deny Lee his choice of forum on the general maritime law claim for maintenance and cure. The fourth factor weighs in favor of dismissal.

Parker next focuses its argument on the *Trejo* fifth factor to urge that the federal court in the Western District is a more convenient forum for all litigants, since it is closer to the residence of Lee, the principal operations office of Parker, and the Mississippi location of the  primary medical doctors who have treated Lee. The Louisiana federal court forum may be a more convenient venue which would favor maintaining the action in this court.  However, in considering and deferring to Lee's choice of forum and the judicial economy of having all matters in controversy heard by one court, which can occur in the Texas forum, the undersigned finds that the sixth factor weighs in favor of dismissal. The seventh factor is not applicable.

This Court finds, in balancing all of the *Trejo* factors, the interests of fairness and judicial efficiency are better served if the declaratory judgment action is dismissed.  This finding is consistent and in accord with other cases addressing similar issues in dismissing an employer's preemptive declaratory judgment action regarding maintenance and cure benefits in a maritime personal injury case.  See *Torch, Inc. v. Leblanc*, 947 F.2d 193, 195 (5th Cir.1991); *Hercules Liftboat Co., L.L.C. v. Jones*, 2007 WL 4355045 (W.D.La.2007); *Aries Marine Corp. v. Lolly*, 2006 WL 681184 (W.D.La.2006): *Offshore Drilling Co. v. Fairchild*, 2006 WL 2054445 (W.D.La.2006); *Belle Pass Towing Corp. v. Cheramie*, 763 F.Supp. 1348 (E.D.La.1991).

### *Conclusion and Recommendation*

This Court concludes that the discretionary standard of *Wilton/Brillhart* is the

applicable abstention standard inasmuch as there are no factual allegations which would support non-frivolous  coercive claims and the complaint seeks only declaratory relief. The identical maintenance and cure issues are pending in state court, along with Lee's Jones Act and general maritime law claims for damages.  Applying the *Trejo* factors, this Court also concludes that the matters presented in this case can be fully adjudicated in the pending suit in Texas.  The interests of comity, judicial economy and deference to the traditional plaintiff's choice of forum weigh in favor of allowing the Texas court to adjudicate the entirety of this dispute.

Accordingly, it is the recommendation of the undersigned that Andrew Lee's Motion to Dismiss [Rec. Doc. 5, 9] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See

*Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 6th day of June, 2013.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

13